IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED

JUL 15 2021

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

LOI HUYNH,

    Plaintiff,

-against-

SHELTER MUTUAL INSURANCE COMPANY,

    Defendant.

Case No. CIV-21-267-G

Hon. Charles Barnes Goodwin

(JURY TRIAL DEMANDED)

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TAKE PLAINTIFF'S IN-PERSON DEPOSITION

Plaintiff Loi Huynh respectfully submits this timely opposition to Defendant Shelter Mutual Insurance Company's "Motion to Take Plaintiff's In-Person Deposition" (Doc. 15).

In the Motion, Defendant's counsel of record shared his opinions on the current state of the global pandemic, essentially maintaining that the pandemic is all but over. The only problem is that the Defendant's counsel is neither a doctor nor an infectious diseases expert. In a fast-changing health crisis where even doctors and medical professionals are often in disagreement and proven wrong more times than they would like to admit, it is unbecoming for a nonexpert to be so assured and confident in his opinion on a matter so far outside of his field of expertise. This is even more so as a quick glance at more authoritative sources directly contradict Defendant's position.

UPDATED 30 MINUTES AGO

# Coronavirus latest: Israel to reimpose mask requirement despite vaccine success

**Today's main headlines:**

- Boris Johnson urged to fire UK health secretary after social distancing breach
- Spain rejects Merkel's bid to impose EU-wide quarantine for UK visitors
- House prices in Germany leap 9.4%
- Third wave of infections in Africa threatens to be continent's 'worst yet', WHO warns
- UK infections rise nearly 50% as Delta variant spreads among young people

*Financial Times (June 25th, 2021)*

UPDATED 10 MINUTES AGO

# Coronavirus latest: Australia reports highest daily total in a year as Delta spreads across Sydney

**Today's top headlines:**

- Experts worry over rising US positivity rates
- Vietnam cases rise tenfold since late April
- Tech companies sign $350m Taiwan vaccine deal
- South Korea baseball season in doubt over Delta spread
- Canada warns of slowing decrease in new cases
- South Africa extends restrictions for two weeks

*Financial Times (July 11th, 2021)*

> **Delta variant is 'greatest threat' to eliminating Covid in U.S., Fauci says**
> Cases of the more contagious variant have doubled in the United States in the past two weeks.
>
> *NBCNews (June 22nd, 2021)*

> **Pfizer jab less effective than thought against Delta variant, Israeli study finds**
>
> *Financial Times (July 5th, 2021)*

> **Delta variant drives Spain's Covid-19 rate to highest in mainland Europe**
>
> Infection rate almost tripled in past week, fuelled by sharp rise among under-30s
>
> *Financial Times (July 7th, 2021)*

There are certainly more, but this Plaintiff will not inundate this Court with what is patently obvious: that this pandemic is far from over with Delta and other super-variants ravaging many cities that once thought the pandemic was over.

In Plaintiff's telephone conference with Opposing counsel to gain a better understanding of the aversion Opposing counsel has to virtual depositions, Defendant's counsel simply insisted that in-person depositions have been done for "over 100 years" and virtual depositions are "cumbersome" and unworkable, but refused to elaborate any further. In Defendant's Motion, some actual reasons are provided, but they are flimsy to say the least. This Plaintiff will briefly respond to each in the order that they appear in Defendant's Motion:

- With respect to the fact that the Parties are vaccinated, just like one can contract the flu even after receiving flu vaccination, it is well-established that one can still contract COVID-19 even after vaccination with the symptoms of the latter being

significantly worse. Even in a wealthy and advanced country like Israel, where 60% of the population are vaccinated, are reimposing mask mandate.

- With respect to Opposing counsel's claim that this is a "document intensive" case, based on the claim files and documents submitted in response to Plaintiff's Interrogatories and Request for Production (many of which Defendant has refused to provide, hence a separate Motion to Compel will accompany this Motion), this Plaintiff can state affirmatively that this case is far from being "document intensive". Even a document intensive case is no obstacle to a successful remote deposition. In Rouviere v. DePuy Orthopedics, Inc., 471 F. Supp. 3d 571 (S.D.N.Y. 2020), Plaintiff demanded an in-person deposition on grounds that the case was document intensive and remote deposition would be too cumbersome. The court disagreed, finding that the inconvenience to Plaintiffs was minimal and observed: "Conducting depositions remotely...has become the 'new normal'" and "[C]ourts have found that exhibits can be managed in remote depositions by sending Bates-stamped exhibits to deponents prior to the depositions or using modern videoconference technology to share documents and images quickly and conveniently." The court went on to note that "There are numerous resources and training opportunities available throughout the legal community to assist [Plaintiff's] counsel in the operation and utilization of the new technology." In the submitted Motion, Defendant's counsel failed to make clear how two parties, with or without masks, separated by a distance of 6 or more feet and speaking across the room, will facilitate a better deposition than a virtual proceeding, which is Plaintiff's position, where parties are essentially face-to-face. It is reasonable to conclude that other than some minimal inconvenience, Defendant suffers no prejudice whatsoever from a virtual deposition. **As for the actual trial, this Plaintiff recognizes that as the culmination of this case and agrees that the *actual trial itself* may be in-person, unless barred by changing events or decided otherwise by this Court.**
- With respect to Opposing counsel's claims that technological and connectivity difficulties will render remote depositions unworkable, this Plaintiff can confirm

that as someone who has and continues to work from home and participates in virtual meetings on a daily basis, at times up to several hours a day, Defendant's concerns are overstated and exaggerated. Hiccups can of course occur, but for the past year and counting, courts all over the world has conducted proceedings remotely and virtually and the results has been with such overwhelming success that many jurisdictions consider virtual proceedings to be the new normal (*Id.*)

- With respect to the Defendant's provided "perspective" in Paragraph 5, Defendant brings this up without recognizing that it actually illustrates how careful this Plaintiff has been and continues to be throughout this pandemic. This Plaintiff left for vacation in March 2020 with the intention of leaving for about a week (Spring Break) and packed about a week's worth of belongings. As it turned out, he actually ended up stretching a week's worth of clothes and belongings to over **7 months**. The fact that he waited that long to return, and only did so once he was tired of switching back and forth between the same T-shirts, lacking the most basic amenities, and cold weather was setting in and Plaintiff had no winter apparels, only goes to show how reluctant and careful Plaintiff was in making the trip. With respect to the location of the meeting between Plaintiff and Defendant's investigator, this Plaintiff objected but it was waived aside by Defendant's investigator, who insisted that the interrogation be done in the way demanded. By that time, it was becoming clear that Defendant was fishing for any and every reason to deny or delay Plaintiff's claim, this Plaintiff threw caution to the wind in hopes that it would expedite the process. This Plaintiff removed his mask lest Defendant used that as pretext to accuse this Plaintiff of hiding something or not being forthcoming.

Finally, this Plaintiff would refer to the Court's own General Orders in support of this opposing motion. As recently as March 11, 2021, Chief Justice Timothy D. DeGiusti wrote: "While the current rate of daily new cases of COVID-19 in the State of Oklahoma is less than it was in December 2020, it is still ten times higher than it was in March 2020. The seven-day average of hospitalizations in the State is more than double what it

was in March 2020. Although twelve percent of Oklahomans have been fully vaccinated, community spread of the virus remains extensive." (G.O. 21-5). In a more recent order, dated April 14th, 2021, Chief Judge DeGiusti observed conclusively that: "The court finds that the COVID-19 pandemic continues to be a factor in the Western District of Oklahoma, with more than 440,000 Oklahomans testing positive for the disease and more than 8,000 deaths." (G.O. 21-6). Both the facts and this Court's own orders directly contradict Defendant's Motion. Accordingly, Defendant's Motion should be DENIED.

In conclusion, this Plaintiff, Loi Huynh, respectfully moves this Court for the following:
1. DENY Defendant's Motion in its entirety;
2. Switch the Settlement Conference (Document 16) from in-person to fully remote and virtual.
3. Enter an Order requiring any future conferences or meet and confer sessions, should they be needed, up until trial be conducted fully remotely and virtually.

Sincerely,

s/ Loi Huynh, *Plaintiff*

3605 N. Battle Creek Dr.

Broken Arrow, OK 74012

Telephone: (918) 933-8989

Email: HuynhVShelter@gmail.com

*(Please return a filed and stamped copy to Plaintiff)*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2021, a true and correct copy of the above document was transmitted via Email to the Defendant's attorney on record as follows:

Rodney D. Stewart, Attorney for Defendant

Email: rds@rstewartlaw.com

Sincerely,

**s/ Loi Huynh**, *Plaintiff*